# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> V. <br> **CODY REVEL SLAUGHTER** | **ORDER OF DETENTION PENDING TRIAL** <br> Case Number: 1:13-MJ-337 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
    - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
    - ☐ an offense for which the maximum sentence is life imprisonment or death.
    - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
    - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
    - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is charged with a bank robbery in which the robber threatened a bank teller, telling her he had a gun. There is substantial evidence against the defendant, since dye from the dye pack was found at his residence and he admitted to a friend that he robbed the bank. Defendant is 20 years old with a minimal criminal record. He has a spotty employment record and is currently unemployed. Defendant received his GED through the Eaton Rapids High School. He is a lifelong residence of Lansing, but was kicked out of his mother's house for stealing to support a heroin addiction. He admits using heroin daily for the past year, and has used cannabinoids routinely for the past 6 years. He has (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

that no condition or combination of conditions exists that will assure the safety of the community if defendant is released on bond, and that the government has carried its burden in this regard. On one hand, the defendant does not fit the typical profile of many bank robbers, in that he is young, does not have much of a criminal record, and he turned himself in. On the other hand, he is quite unstable in that he is a heroin addict who was kicked out of his (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: October 23, 2013

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

also experimented with other drugs, including using crack cocaine two days prior to his arrest.

After leaving his mother's home, he moved in with his aunt in Lowell, prior to allegedly robbing the bank in Lowell, and fleeing down south. He eventually self-surrendered.

Defendant's brother committed suicide approximately 6 months ago, and an uncle died sometime after that. Defendant has never obtained drug counseling. Defendant's mother believes he suffers from grief and depression, but he has refused to seek counseling for this depression. He could return to her home.

**Part II - Written Statement of Reasons for Detention** - (continued)

mother's house for stealing to support that addiction. He suffers from depression, which may have been caused or aggravated by his brother's suicide. Notwithstanding his mother's natural inclination to take him back into her home, if the court did so, it would simply be returning him to the environment from which all the problems arose in the first place. To the extent that counseling would be of assistance, the defendant has not shown himself amenable to counseling at this stage. The court has also considered the possibility of placing him in a halfway house, but even if this were appropriate, and the court has not made that determination, there is no funding available. The court has also considered a tether, but that would simply give the court notification of the defendant's location but would place no meaningful restraint on a young man who could, whether because of his depression or because of a need to support his heroin addiction, act out unpredictably at any moment and again violently endanger the community. The problems the defendant is experiencing are not insurmountable nor do they in any way mark the end of his life. But the risks that presently arise from those problems need not be borne by the community at large.